UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **MITZI DAVISON,**<br>　　　Plaintiff,<br><br>vs.<br><br>**BAY AREA CREDIT SERVICE, LLC;**<br>**and DOES 1 through 10, inclusive,**<br>　　　Defendant. | **CASE NO.** |

# COMPLAINT AND DEMAND FOR JURY TRIAL

## I.　INTRODUCTION

1.  This is an action for actual and statutory damages brought by plaintiff Mitzi Davison, an individual consumer, against defendant Bay Area Credit Service, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, as well as for illegal invasions of Plaintiff's privacy.

## II.　JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227 et seq., and 28 U.S.C. § 1337.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.　PARTIES

3.  Plaintiff, Mitzi Davison is a consumer, a natural person allegedly obligated to pay any debt, residing in Greene County, in the state of Missouri.

4. Defendant, Bay Area Credit Service, LLC is a foreign company engaged in the business of collecting debt in this state with its principal place of business located in the state of California. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.  FACTUAL ALLEGATIONS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff sometime prior to 2012.

9. Upon information and belief, Defendant has called Plaintiff numerous times, without Plaintiff's express written consent, and when the calls were not for emergency purposes, after Plaintiff has already given Defendant reason to know, many times, that it is not her

alleged debt that Defendant is responsible for, and also after having been given good reason to know the name and contact information for Plaintiff's legal representation.

10. Defendant utilized unfair and unconscionable means to try to get payments from Plaintiff, by continuing to call her for an alleged debt without her consent, and while having reason to know that it is not her alleged debt.

11. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed, amongst other negative emotions.

## V. FIRST CLAIM FOR RELIEF

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

> (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and
>
> (b) Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff; and
>
> (c) Defendant violated *§1692c(a)(2)* of the FDCPA by communicating with Plaintiff after the Defendant knows the Plaintiff is represented by an attorney with regard to the alleged debt and has knowledge of, or

can readily ascertain, such attorney's name and address, and the attorney has not consented to communication with the Plaintiff.

14. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Mitzi Davison for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI. SECOND CLAIM FOR RELIEF

15. Plaintiff Mitzi Davison repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

17. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" **including debt collectors**, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

18. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff,

namely, by unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

19. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully calling her after Plaintiff already gave Defendant reason to know, multiple times, that she was not responsible for the alleged debt, and also after Defendant was informed that Plaintiff had legal representation, and thereby invaded Plaintiff's right to privacy.

20. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive and disrespectful conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

21. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

22. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

23. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24. As a result of such intrusions and invasions of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from Defendant.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against defendant Bay Area Credit Service, LLC, for the following:

- A. Declaratory judgment that Defendant's conduct violated the FDCPA; and
- B. Actual damages; and
- C. Statutory damages pursuant to 15 U.S.C. § 1692k; and
- D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and
- E. Punitive damages; and
- F. For such other and further relief as the Court may deem just and proper.

DATED: August 30, 2012

RESPECTFULLY SUBMITTED,

By: /s/ Mark D. Molner
Mark D. Molner, Esq. (SBN 62189)
PRICE LAW GROUP, APC
2210 W. 75th Street
Prairie Village, KS 66208
Phone: (913)529-1474
Fax: (818)205-2730
mark@pricelawgroup.com

*Attorney for Plaintiff,*
*Mitzi Davison*

## *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff, Mitzi Davison, demands trial by jury in this action.